FILED

1   Timothy D. Cohelan, Esq., SBN 60827
2   Isam C. Khoury, Esq., SBN 58759
    Michael D. Singer, Esq., SBN 115301   2014 APR 15  PM 3: 12
3   J. Jason Hill, Esq., SBN 179630
    **COHELAN KHOURY & SINGER**   CLERK U.S. DISTRICT COURT
4   605 C Street, Suite 200   CENTRAL DIST OF CALIF.
    San Diego, CA 92101   LOS ANGELES
5   Telephone:    (619) 595-3001   BY:_____
6   Facsimile:    (619) 595-3000

7   Michael J.D. Sweeney, Esq. (pro hac vice application to be filed)
    Matthew Dunn, Esq. (pro hac vice application to be filed)
8   **GETMAN & SWEENEY, PLLC**
    9 Paradies Lane
9   New Paltz, NY 12561
10  Telephone: (845) 255-9370
    Facsimile: (845) 255-8649

11
                    **UNITED STATES DISTRICT COURT**
12                  **CENTRAL DISTRICT OF CALIFORNIA**

13  **LORRAINE FLORES, on behalf of**       Case No.: CV 14-2900 - ABC (Ex)
    **herself and those similarly situated,**
14
                                            **COLLECTIVE AND CLASS ACTION**
15              **Plaintiffs,**
                                            **COMPLAINT FOR DAMAGES AND**
16          v.                              **RESTITUTION**

17  **SWIFT TRANSPORTATION**                **1) Violations of the Fair Labor Standards Act**
    **COMPANY, SWIFT**                      **(29 U.S.C. §§ 201, et seq.)**
18  **TRANSPORTATION CO. OF**
    **ARIZONA, LLC, , SWIFT**               **2) Failure to Pay Overtime Wages (Cal. Lab.**
19  **TRANSPORTATION SERVICES,**            **Code, §§ 510, 1194; IWC Orders)**
    **LLC, and DOES 1-25, inclusive**
20               10                         **3) Failure to Pay Wages of Terminated or**
                                            **Resigned Employees (Cal. Lab. Code, §§ 201-**
21              **Defendants.**             **203)**

22                                          **4) Failure to Provide Meal Periods (Cal. Lab.**
                                            **Code, §§ 226.7, 512; IWC Orders; Cal. Code**
23                                          **Regs., Title 8, § 11040)**

24                                          **5) Failure to Provide Rest Periods (Lab. Code,**
                                            **§ 226.7; IWC Orders; Cal. Code Regs., Title 8,**
25                                          **§ 11040)**

26                                          **6) Violations of the Unfair Competition Law**
                                            **(Cal. Bus. & Prof. Code, §§ 17200-17208)**
27

28

1   Plaintiff LORRAINE FLORES ("Flores"), on behalf of herself and the FLSA Class and
2   the California Class (as defined below and collectively referred to as "Plaintiffs"), alleges upon
3   personal knowledge as to herself and her acts, and as to all other matters upon information and
4   belief, as follows:

5   **I.    NATURE OF THE ACTION**

6   1.    Defendant SWIFT TRANSPORTATION COMPANY is a publically owned company
7   incorporated in Arizona. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and SWIFT
8   TRANSPORTATION SERVICES, LLC are subsidiaries of SWIFT TRANSPORTATION
9   COMPANY and are Delaware limited liability companies (collectively "Swift"). Swift is a
10  multi-faceted transportation services company and the largest truckload carrier in North
11  America. Swift employs customer service representatives to work with specific customers to
12  ensure high-quality service and frequent customer contact. Although customer service
13  representatives regularly work overtime, i.e., more than 40 hours in a week, Swift does not pay
14  them premium overtime pay at the rate of time and one-half their regular rate for all hours
15  worked over 40 in a workweek.

16  2.    Flores brings this case under the collective action provision of the Fair Labor Standards
17  Act ("FLSA"), as set forth in 29 U.S.C. § 216(b), on behalf of herself and a nationwide class of
18  customer service representatives employed by Swift within three years of the filing of this
19  Complaint who were not paid overtime premium pay at the rate of time and one-half the regular
20  rate for all hours worked over 40 in a workweek. She seeks unpaid wages, liquidated damages,
21  interest, costs and attorneys' fees, as well as declaratory relief under the FLSA for herself and
22  any customer service representatives who join the action. 29 U.S.C. § 201, *et seq*.

23  3.    Flores brings this case a Rule 23 class action, on behalf of herself and a class of customer
24  service representatives ("CSRs") who were employed by Swift in California and not paid
25  overtime premium pay at the rate of time and one-half the regular rate for all hours worked over
26  40 in a workweek or more than eight hours in a day during the time period that commences four
27  years prior to the filing of this action through the date of judgment. Flores and CSRs who worked
28  in California also seek prejudgment interest, restitution, attorneys' fees and costs, injunctive

- 1 -

1    relief, and other statutory penalties in violation of the California Unfair Competition Law, Cal.

2    Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal

3    Labor Code §§ 201-203, 218.6, 510, and 1194, Cal. Wage Order No. 4-2001.

4    4.      Flores also brings claims for Swift's willful failure to pay all overtime compensation and

5    other premium wages upon her termination. Flores seeks 30 days of wages, attorneys' fees and

6    costs, prejudgment interest, and injunctive relief under California Labor Code §§ 203 and 218.6,

7    and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

8    5.      Flores also brings this case to recover for meal and rest break violations, including one

9    hour of additional pay at the regular rate of compensation for each workday that the proper meal

10   and rest periods were not provided as secured by the California Labor Law, prejudgment interest,

11   injunctive relief, and other statutory penalties for violations of California Labor Code and related

12   regulations, Cal Labor Code §§ 218.6 and 226.7 and Cal. Wage Order No. 4-2001, and the

13   California Business and Professions Code § 17200, *et seq.*

14   **II.      JURISDICTION AND VENUE**

15   6.      The FLSA authorizes private rights of action to recover damages for violation of the

16   FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question

17   jurisdiction under 28 § U.S.C. § 1331 and by 28 U.S.C. § 1337 because this action arises under

18   Acts of Congress regulating commerce. Jurisdiction over Plaintiffs' claims for declaratory relief

19   is conferred by 28 U.S.C. §§ 2201 and 2202.

20   7.      This Court has supplemental jurisdiction over the California state law claims under 28

21   U.S.C. § 1367 because they are so related to this action that they form part of the same case or

22   controversy under Article III of the United States Constitution.

23   8.      Venue is proper in this District under 28 U.S.C. § 1391 because Swift resides in Fontana,

24   Mira Loma, and Wilmington, California, which lies within this District.

25   9.      Swift employs CSRs in this District including in Fontana, Mira Loma, and Wilmington,

26   California.

27   10.     Upon information and belief, Swift is subject to personal jurisdiction in California.

28   11.     A substantial part of the acts and/or omissions giving rise to the claims occurred in this

1 | District.

2 | **III.    THE PARTIES**

3 |       **A.    Named Plaintiff**

4 | 12.    Named Plaintiff Flores is a natural person residing in Chino, California.

5 | 13.    Flores was an employee of Swift from approximately July 2004 until approximately

6 | March 2014.

7 | 14.    Flores worked for Swift as a CSR in Fontana, California.

8 |       **B.    Named Defendants**

9 | 15.    Upon information and belief, the individual Defendants are related business corporations

10 | having terminals that employed CSRs in California, and in Arizona, Florida, Georgia, Idaho,

11 | Illinois, Indiana, Kansas, Michigan, Minnesota, Nevada, New Mexico, New York, Ohio,

12 | Oklahoma, Oregon, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin.

13 | 16.    Defendant SWIFT TRANSPORTATION COMPANY is an Arizona business corporation

14 | having an office and place of business in Phoenix, Arizona. Defendant SWIFT

15 | TRANSPORTATION COMPANY lists its headquarters and principal office address as 2200 S.

16 | 75th Ave., Phoenix, Arizona 85043-7410.

17 | 17.    Defendant SWIFT TRANSPORTATION COMPANY is engaged in interstate shipment

18 | of freight and provides its customers transportation solutions.

19 | 18.    Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC is a subsidiary of

20 | SWIFT TRANSPORTATION COMPANY and is a Delaware limited liability company. Upon

21 | information and belief, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC's headquarters

22 | and principal office address is 2200 S. 75th Ave., Phoenix, Arizona 85043-7410.

23 | 19.    Defendant SWIFT TRANSPORTATION SERVICES, LLC is a subsidiary of SWIFT

24 | TRANSPORTATION COMPANY and is a Delaware limited liability company. Upon

25 | information and belief, SWIFT TRANSPORTATION SERVICES, LLC's headquarters and

26 | principal office address is 2200 S. 75th Ave., Phoenix, Arizona 85043-7410.

27 | 20.    Swift is a multi-faceted transportation services company and the largest truckload carrier

28 | in North America.

- 3 -

21.     Swift conducts business throughout the country, including in Arizona, California, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Michigan, Minnesota, Nevada, New Mexico, New York, Ohio, Oklahoma, Oregon, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin.

22.     Upon information and belief, each individual Defendant grossed more than $500,000 in each of the last six calendar years, individually and collectively.

23.     Each individual Defendant is an enterprise engaged in interstate commerce for purposes of the Fair Labor Standards Act.

24.     The individual Defendants have common control and a common business purpose and are operated as a single enterprise, within the meaning of 29 U.S.C. § 203(r)(1).

25.     All actions and omissions described in this complaint were made by Swift directly or through its supervisory employees and agents.

**C.     Doe Defendants**

26.     Plaintiffs are ignorant about the true names of Defendants sued as DOES 1 through 25, inclusive, and their wrongful conduct, and therefore sue these Defendants by fictitious names. Plaintiffs will seek Court leave to amend this complaint to allege their true names and capacities when ascertained.

27.     Plaintiffs allege on information and belief that at all relevant times, DOES 1-25, inclusive, were agents, servants, employees, representatives, partners, and related or affiliated entities of Defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency, employment, or retention with Defendants' permission, consent, authority and ratification.

**D.     Represented Parties under 29 U.S.C. § 216 (b)**

28.     The term "FLSA Class" as used in this Complaint refers to Flores and a nationwide class of all customer service representatives employed by Swift who were scheduled to work more than 40 hours in a workweek and were not paid at the rate of time and one-half for all hours worked over forty in a week within three years of the filing of this Complaint pursuant to the FLSA's collective action provisions. 29 U.S.C. § 216(b).

29.     Flores brings claims under the FLSA individually and for the FLSA Class to redress

- 4 -

1  Swift's failure to pay wages at the rate of time and one-half for all hours worked over forty in a

2  week.

3          E.       **Represented Parties under Fed. R. Civ. P. 23**

4  30.      Flores brings her Rule 23(b)(3) claims on behalf of herself and all customer service

5  representatives employed by Swift in California, who were not paid at the rate of time and one-

6  half for all hours worked over forty in a week or more than eight hours in a day ("California

7  Class") under the California Unfair Competition Law, California Bus. & Prof. Code § 17200 et

8  seq., and the California Labor Code and related regulations, California Labor Code §§ 201-203,

9  510, and 1194, and California Wage Order No. 4-2001 to redress Swift's failure to pay at the rate

10 of time and one-half for all hours worked over forty in a week or more than eight hours in a day.

11 31.      Excluded from the California Class are Swift's legal representatives, officers, directors,

12 assigns, and successors, or any individual who has, or who had at any time during the four years

13 prior to the filing of the complaint, a controlling interest in Swift; the Judge(s) to whom this case

14 is assigned and any member of the Judges' immediate family; and all persons who will submit

15 timely and otherwise proper requests for exclusion from the class. Also excluded from the

16 California Class are people whose claims are barred by the applicable statutes of limitation.

17 **IV.     FACTUAL BACKGROUND**

18 32.      Swift has employed CSRs throughout the country, in terminals located throughout the

19 country, including in Arizona, California, Florida, Georgia, Idaho, Illinois, Indiana, Kansas,

20 Michigan, Minnesota, Nevada, New Mexico, New York, Ohio, Oklahoma, Oregon, Tennessee,

21 Texas, Utah, Virginia, Washington, and Wisconsin.

22 33.      In California, Swift has employed CSRs in its terminals in Fontana, Lathrop, Otay Mesa,

23 Wilmington, and Willows.

24 34.      Flores worked for Swift in Fontana, California as a CSR from approximately July 2004

25 until approximately March 2014.

26 35.      CSRs were assigned to process bills of lading for specific customers and to keep those

27 customers updated as to the progress of their freight.

28 36.      Swift scheduled CSRs around the country, including Flores, to work more than 40 hours

1 | in a workweek.

2 | 37.     CSRs around the country, including Flores, regularly worked more than 40 hours in a
3 | workweek.

4 | 38.     Flores regularly worked 45 or more hours a week.

5 | 39.     Swift paid CSRs, including Flores, on a salary basis.

6 | 40.     CSRs, including Flores, were not paid overtime compensation at the rate of time and one-
7 | half the regular rate for hours worked more than 40 in a workweek.

8 | 41.     Because of this uncompensated work, Swift failed to pay CSRs, including Flores,
9 | overtime premium pay at the rate of time and one-half the regular rate for hours worked more
10 | than 40 in a workweek as required by the FLSA.

11 | 42.     Swift also failed to pay CSRs who worked in California, including Flores, overtime at the
12 | rate of time and one-half the regular rate for hours worked more than 40 in a workweek as
13 | required by California law.

14 | 43.     Flores and other CSRs working in California regularly worked more than eight hours in a
15 | day.

16 | 44.     Swift also failed to pay CSRs who worked in California, including Flores, overtime at the
17 | rate of time and one-half the regular rate for hours worked more than eight in a day as required
18 | by California law.

19 | 45.     Swift knew or should have known that CSRs, including Flores, were working more than
20 | 40 hours a week.

21 | 46.     Swift knew or should have known that CSRs, including Flores, were working more than
22 | eight hours a day.

23 | 47.     Flores worked for more than five consecutive hours without taking a 30 minute meal
24 | break as required by California law.

25 | 48.     Flores frequently worked for more than four consecutive hours without taking a rest
26 | break as required by California law.

27 | 49.     Upon arriving at work, Swift required CSRs, including Flores, to enter their employee
28 | number in to the telephone at their workstation. CSRs, including Flores, were also required to

- 6 -

1    enter a code into the telephone at start of their shift, when they took a meal break, when they

2    took a break, or when they were unavailable to make or receive telephone calls.

3    50.    The work status of each CSR at the terminal was displayed on a screen that other

4    employees at the terminal could see, including whether the CSR was on a meal or rest break.

5    51.    Swift knew or should have known that Flores did not receive a meal break after five

6    hours of work or rest break after four hours of work.

7    52.    Swift did not pay Flores her earned wages within 72 hours of her separation from Swift.

8    53.    Swift did not pay Flores her earned wages within 30 days of her separation from Swift.

9    54.    Swift's conduct as described herein was willful and has caused significant damages to

10    CSRs, including Flores.

11    **V.    CLASS ACTION ALLEGATIONS**

12    55.    Flores brings her Rule 23(b)(3) class on behalf of the California Class defined as "all

13    customer service representatives employed by Swift in California who were not paid at the rate

14    of time and one-half for all hours worked over forty in a week or more than eight hours in a

15    day".

16    56.    The California Class is so numerous that joinder of all members is impracticable.

17    57.    Although the precise number of such persons is not known to Flores, the facts on which

18    the calculation of that number can be based are presently within Swift's sole control.

19    58.    Upon information and belief, the size of the class is more than 40 persons.

20    59.    Swift acted or refused to act on grounds generally applicable to the California Class,

21    thereby making appropriate final injunctive relief with respect to the class as a whole.

22    60.    The Second and Sixth Causes of Action are properly maintainable as a Class Action

23    under Federal Rule of Civil Procedure 23(b)(3).  Flores' claims are typical of the claims of the

24    California Class she seeks to represent. Flores and the California Class work or have worked for

25    Swift and have been subjected to Swift's policy and pattern or practice of failing to pay at the

26    rate of time and one-half for all hours worked over forty in a week or more than eight hours in a

27    day. Swift acted and refused to act on grounds generally applicable to the California Class,

28    thereby making injunctive relief with respect to the class appropriate.

61.     Flores will fairly and adequately represent and protect the interests of the California Class.

    a. Flores understands that, as class representative, she assumes a fiduciary responsibility to the California Class members to represent their interests fairly and adequately.

    b. Flores understands that, as class representative, she must represent and consider the interests of the California Class just as she would represent and consider her own interests.

    c. Flores understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor their own interests over those of the California Class.

    d. Flores understands that any resolution of a Class Action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class.

    e. Flores understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

62.     Flores has retained counsel competent and experienced in complex class action employment litigation.

63.     There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual California Class members, including but not limited to:

    a. whether Flores and the California Class members worked more than 40 hours in a workweek;

    b. whether Flores and the California Class members worked more than 8 hours in a day;

    c. whether Swift failed and/or refused to pay the California Class members overtime pay for all hours worked in excess of 40 hours per workweek;

- 8 -

1      d.     whether Swift failed and/or refused to pay the California Class members

2           overtime pay for all hours worked in excess of 8 hours per day;

3      e.     whether Swift failed to pay the California Class members their wages due in

4           each pay period;

5      f.     whether Swift's policy of failing to pay overtime was instituted willfully or

6           with reckless disregard of the law;

7      g.     whether Swift correctly calculated and compensated the California Class

8           members for hours worked in excess of 40 per workweek;

9      h.     whether Swift correctly calculated and compensated the California Class

10          members for hours worked in excess of 8 per day; and

11      i.     the nature and extent of class-wide injury and the appropriate measure of

12          damages for the California Class members.

13   64.     A class action is superior to other available methods for the fair and efficient adjudication

14 of this litigation - particularly in the context of wage litigation like the present action, where

15 individual California Class members may lack the financial resources to vigorously prosecute a

16 lawsuit in federal court against a corporate defendant. California Class members have been

17 damaged and are entitled to recovery as a result of Swift's common and uniform policies,

18 practices, and procedures. Although the relative damages suffered by individual members of the

19 class are not *de minimis* such damages are small compared to the expense and burden of

20 individual prosecution of this litigation. In addition, class treatment is superior because it will

21 obviate the need for unduly duplicative litigation that might result in inconsistent judgments

22 about Swift's practices.

23 **VI.**    **CAUSES OF ACTION**

24

25 **FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act)**
**(Brought by Flores on behalf of herself and the nationwide FLSA Class)**

26   65.     On information and belief, at all relevant times, each individual Defendant was an

27 "employer" engaged in interstate "commerce" and/or in the production of "goods" for

28 "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Swift

1   employed CSRs, including Flores and the FLSA Class. Upon information and belief, each

2   individual Defendant grossed more than $500,000 in each of the last three calendar years.

3   66.     Attached hereto, as Exhibit 1, is the consent to sue form signed by Flores in this action

4   pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other FLSA Class

5   members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the

6   future.

7   67.     The FLSA requires each covered employer, such as Swift, to compensate all non-exempt

8   employees for all hours worked and overtime at a rate of not less than one and one-half times the

9   regular rate of pay for work performed in excess of forty hours in a workweek.

10  68.     CSRs were entitled to be paid compensation at the rate of one and one-half times the

11  regular rate of pay for work performed in excess of forty hours in a workweek.

12  69.     At all relevant times, Swift, pursuant to its policies and practices, failed and refused to

13  pay appropriate overtime to the Flores and the FLSA Class for all hours worked in excess of

14  forty hours in a workweek.

15  70.     By failing to compensate Flores and the FLSA Class at a rate not less than one and one-

16  half times the regular rate of pay for work performed in excess of forty hours in a workweek,

17  Swift has violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and

18  215(a).

19  71.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the

20  meaning of 29 U.S.C. § 255(a).

21  72.     Flores, on behalf of herself and the FLSA Class, seeks damages in the amount of their

22  respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29

23  U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and

24  proper.

25  73.     Flores, on behalf of herself and the FLSA Class, seeks recovery of their attorneys' fees

26  and costs of action to be paid by Swift, as provided by the FLSA, 29 U.S.C. § 216(b).

27

28

**SECOND CAUSE OF ACTION**
**(Failure to Pay Overtime Wages)**
**(Brought by Flores on behalf of herself and the California Class)**

74.     Flores and the California Class are entitled to overtime compensation for overtime work performed for Swift in an amount according to proof.

75.     Pursuant to California Labor Code, sections 510 and 1194, Flores and the California Class seek the payment of all overtime compensation which they earned and accrued during the time period that commences four years prior to the filing of this action through the judgment date.

76.     Additionally, Flores and the California Class are entitled to attorneys' fees, and costs, pursuant to California Labor Code, section 1194 and prejudgment interest, pursuant to California Labor Code § 218.6.

77.     Wherefore, Flores and the California Class request relief as hereinafter prayed for.

**THIRD CAUSE OF ACTION**
**(Failure to Pay Wages of Terminated or Resigned Employees)**

78.     Upon ending her employment with Swift, Flores was entitled to be promptly paid lawful overtime compensation and other premiums, as required by California Labor Code, sections 201-203.

79.     Pursuant to California Labor Code, section 203, Flores seeks the payment of penalties in the amount of up to 30 days of wages, according to proof.

80.     Additionally, Flores is entitled to attorneys' fees and costs, pursuant to California Labor Code, section 203, and prejudgment interest, pursuant to California Labor Code § 218.6.

81.     Wherefore, Flores requests relief as hereinafter prayed for.

**FOURTH CAUSE OF ACTION**
**(Failure to Provide Meal Periods)**

82.     Flores is entitled to an hour of pay for each day that Swift failed to afford one or more meal periods, in an amount according to proof.

83.     Pursuant to California Labor Code, section 226.7, Flores seeks the payment of all meal period compensation which she is owed for the time period that commences four years prior to

- 11 -

1 | the filing of this action through the judgment date, according to proof.

2 | 84.   Additionally, Flores is entitled to attorneys' fees and costs and prejudgment interest.

3 | 85.   Wherefore, Flores requests relief as hereinafter prayed for.

4
5 | **FIFTH CAUSE OF ACTION**<br>**(Failure to Provide Rest Periods)**

6
7 | 86.   Flores is are entitled to an hour of pay for each day that Swift failed to afford one or more rest periods, in an amount according to proof.

8
9
10 | 87.   Pursuant to California Labor Code, section 226.7, Flores seeks the payment of all rest period compensation which she is owed for the time period that commences four years prior to the filing of this action through the judgment, according to proof.

11 | 88.   Additionally, Flores is entitled to attorneys' fees and costs and prejudgment interest.

12 | 89.   Wherefore, Flores requests relief as hereinafter prayed for.

13
14 | **SIXTH CAUSE OF ACTION**<br>**(Violations of the Unfair Competition Law)**<br>**(Brought by Plaintiff Flores, on behalf of herself and the California Class)**

15 | 90.   The failure to pay lawful overtime compensation, rest and meal period pay, and timely
16 | pay all wages due upon termination of employment to Flores and the California Class is an
17 | unlawful and unfair business practice within the meaning of Business and Professions Code §
18 | 17200, *et seq.*, including but not limited to a violation of the applicable State of California
19 | Industrial Welfare Commission Wage Orders, regulations and statutes. It is a practice which is
20 | otherwise unfair and unlawful, because Swift did not pay tax contributions on the accrued
21 | overtime compensation in the form of FICA, Social Security, Medicare and Unemployment
22 | Insurance.

23 | 91.   This cause of action is brought under Business and Professions Code §§ 17203 and
24 | 17204, commonly called the Unfair Competition Law. Under this cause of action and pursuant to
25 | Business and Professions Code § 17208, Flores and the California Class seek restitution of
26 | overtime wages and rest and meal period pay owed and where applicable, the penalties which are
27 | provided under the California Labor Code § 203, where such wages and penalties were due,
28 | commencing four (4) years prior to filing of this complaint, according to proof.

92.     This cause of action is brought as a cumulative remedy as provided in Business and Professions Code § 17205 and is intended as an alternative remedy for restitution for Flores and the California Class for the time period, or any portion thereof, commencing four years prior to the filing of this action and continuing through the judgment date, and as the primary remedy for the time period of the fourth year prior to the filing of this complaint, as such one year time period exceeds the statute of limitations on statutory wage claims.

93.     As a result of Swift's unlawful and unfair business practice of failing to pay overtime and prompt payment of wages in violation of the California Labor Code §§ 201 and 202, Flores and the California Class have suffered damages and are entitled to restitution in an amount according to proof and injunctive relief pursuant to Business and Professions Code § 17203.

94.     Further, Flores and the California Class request Swift's violations alleged herein be enjoined, and other equitable relief as this Court deems proper including payment for all hours worked and requiring and furnishing rest and meal periods and requiring payment by Swift of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare, Unemployment Insurance or other appropriate payments.

95.     Wherefore, Flores and the California Class request relief as hereinafter prayed for.

## VII.   PRAYER FOR RELIEF

Wherefore, Flores, the FLSA Class and California Class she seeks to represent, pray for relief and request that this Court enter an Order:

1.      With respect to the FLSA violations:

     a.      Declaring that Swift violated the FLSA;

     b.      Ordering notice sent to the class of all CSRs employed by Swift within three years of the filing of this Complaint and giving them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b);

     c.      Certifying this action as a collective action;

     d.      Declaring that Swift's violations of the FLSA were willful;

     e.      Granting judgment to Flores and the FLSA Class for their claims of unpaid wages as secured by the FLSA, as well as an equal amount in liquidated damages and interest; and

1    f.    Awarding Flores and the FLSA Class their costs, including expert witness fees,
2    and reasonable attorneys' fees.

3    2.    With respect to the California state law claims:

4        a.    Declaring that Swift violated the overtime pay, meal and rest break, and wage
5    payment provisions of the California Labor Law;

6        b.    Declaring that Swift's violations of the California Wage Payment provisions of
7    the California Labor Codes were willful;

8        c.    Declaring that Swift violated the California Unfair Competition Law;

9        d.    Granting judgment to Flores and the California Class for their claims of unpaid
10   overtime wages as secured by the California Labor Law, as well as prejudgment interest;

11       e.    Granting judgment to Flores for her claims of 30 days wages as secured by the
12   California Labor Law;

13       f.    Granting judgment to Flores for her claim of one hour of additional pay at the
14   regular rate of compensation for each workday that the proper meal periods were not provided,
15   and one hour of additional pay at the regular rate of compensation for each workday that the
16   proper rest period was not provided as secured by the California Labor Law;

17       g.    Granting judgment to Flores and the California Class for their claims of restitution
18   and injunctive relief as secured by the California Unfair Competition Law;

19       h.    Any other appropriate statutory penalties, other injunctive and equitable relief as
20   the Court may deem just and proper, and post-judgment interest; and

21       i.    Awarding Flores and the California Class their attorneys' fees and costs of suit,
22   including expert fees and costs.

23

24

25                                          Respectfully submitted,
                                            **COHELAN KHOURY & SINGER**
26
27   Dated: April 14, 2014                   By: _____
                                                 Michael D. Singer
28

1

2   Michael J.D. Sweeney, Esq. (pro hac vice
    application to be filed)

3   Matthew Dunn, Esq. (pro hac vice application to be
    filed)

4   **GETMAN & SWEENEY, PLLC**
    9 Paradies Lane

5   New Paltz, NY 12561
    Telephone: (845) 255-9370

6   Facsimile: (845) 255-8649

7

8   Timothy D. Cohelan, Esq., SBN 60827
    Isam C. Khoury, Esq., SBN 58759

9   Michael D. Singer, Esq., SBN 115301
    J. Jason Hill, Esq., SBN 179630

10  **COHELAN KHOURY & SINGER**
    605 C Street, Suite 200

11  San Diego, CA 92101
    Telephone: (619) 595-3001

12  Facsimile: (619) 595-3000

13  *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

Collective and Class Action Complaint

# EXHIBIT 1

## CONSENT TO SUE UNDER THE FLSA

I, Barbara Flores,  hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Swift Transportation Co. AZ LLC and any other associated parties.

I authorize Getman & Sweeney, PLLC, and any associated attorneys as well as any successors or assigns to represent me in such action.

Dated: 3|30|14

Barbara Flores

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Audrey B. Collins _____ and to
Magistrate Judge _____ Charles F. Eick _____ .

The case number on all documents filed with the Court should read as follows:

## CV 14-2900-ABC(Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the assigned Magistrate Judge has been designated to hear discovery-related motions. All discovery-related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

April 15, 2014

Date

By   Rhonda Marshall

Deputy Clerk

## ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| LORRAINE FLORES, on behalf of herself and those similarly situated,<br><br>*Plaintiff(s)*<br>v.<br><br>SWIFT TRANSPORTATION COMPANY, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, , SWIFT TRANSPORTATION SERVICES, LLC, and DOES 1-25, inclusive<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. CV 14-2900-ABC (EX)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    Michael D. Singer, Esq.
    COHELAN KHOURY & SINGER
    605 C Street, Suite 200
    San Diego, CA 92101
    (619) 595-3001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4-15-14

Rhonda marshu
*Signature of Clerk or Deputy Clerk*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Lorraine Flores | Swift Transportation Company; Swift CO. of Arizona, LLC; Swift Transportation Services, LLC |

| (b) County of Residence of First Listed Plaintiff   San Bernardino | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Michael D. Singer, Esq., SBN 115301, COHELAN KHOURY & SINGER 605 C Street, Suite 200, San Diego, California 92101, (619)595-3001 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No     **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff brings this case under the collective action provision of the Fair Labor Standards Acts, as set forth in 29 U.S.C. 216(b), on behalf of herself and a nationwide class of customer service representatives who were not paid overtime premium pay.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | | |
|---|---|---|---|
| CV-71 (11/13) | | CIVIL COVER SHEET   *CV 14 2900* | Page 1 of 3 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**    Michael D. Singer, Esq./    DATE: April 14, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |